Citation Nr: 1550138 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 13-23 841 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for glaucoma, to include as secondary to the Veteran's service-connected diabetes.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

Veteran and his spouse


ATTORNEY FOR THE BOARD

P. Lopez, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1967 to October 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. The Board previously considered this matter in April 2015, at which time it remanded for additional developm ent.

In July 2014, the Veteran testified before the undersigned Veterans Law Judge in a hearing via videconference. A transcript is of record. In the hearing, the Veteran submitted additional evidence and waived initial review by the RO.

The claims file is now entirely contained in VA's secure electronic processing systems, Virtual VA and Veterans Benefits Management System (VBMS). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In April 2015, the Board remanded for an addendum opinion regarding the Veteran's claim for glaucoma, as secondary to his service-connected diabetes. At that time, the Board noted that a January 2012 VA opinion did not consider the aggravation prong of secondary service connection. In its remand directives, the Board asked the examiner to also discuss the medical literature submitted by the Veteran in July 2014 (received in August 2014). This literature appears to show that individuals with diabetes have an increased possibility of developing glaucoma. This evidence was not available to the January 2012 VA examiner. 

An addendum opinion was provided in June 2015, with a further addendum in August 2015. In them, the VA examiner reiterated his prior opinion, directing the reader to the January 2012 VA examination report. Although the examiner cited the question relating to the aggravation prong, he did not address it. Similarly, he did not discuss the literature submitted by the Veteran in July 2014 (received in August 2014). Therefore, the opinion remains inadequate, and the prior remand directive was not substantially completed. Stegall v. West, 11 Vet. App. 268 (1998). 

Finally, the Board notes that the Veteran's representative alluded to additional medical literature in his October 2015 informal hearing presentation. The new opinion should also discuss this evidence and the one received in August 2015.

Accordingly, the case is REMANDED for the following action:

1. Forward the claims file, including a copy of this remand, to an examiner other than the individual who conducted the January 2012 examination, , to provide an addendum opinion. (A full VA examination should not be scheduled unless it is deemed necessary by the examiner or otherwise required by the evidence.) Review of the claims file should be noted in the examiner's report.

The examiner should respond to the following:

Is the Veteran's glaucoma as least as likely as not (probability of 50 percent or more) related to an event, disease, or injury in service?

If not, is the glaucoma at least as likely as not proximately due to his service-connected diabetes mellitus? If not, then is it at least as likely as not that the glaucoma has been aggravated (permanently worsened beyond it natural progression) by his service-connected diabetes? Please be sure to address the aggravation prong of the analysis.

If aggravation is found, the examiner should also state, to the extent possible, the baseline level of disability prior to aggravation. This may be ascertained by the medical evidence of record and also by the Veteran's statements as to the nature, severity, and frequency of his observable symptoms over time. 

The examiner should explain the reasons for any opinion offered. The examiner must consider lay reports from the Veteran along with pertinent medical evidence, including medical literature submitted by him. Please note that the Veteran submitted medical literature on the relationship between glaucoma and diabetes in July 2014 (received in August 2015) and alluded to additional literature in his October 2015 appellate brief. If the examiner cannot offer an opinion without resort to speculation, he or she should explain why and state what additional evidence, if any, would be required to offer an opinion.

2. If any benefit sought on appeal remains denied, issue a supplemental statement of the case. Then, return the case to the Board, if otherwise in order.

 (CONTINUED ON NEXT PAGE)


The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). All claims remanded for additional development or other appropriate action must be handled expeditiously. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
Eric S. Leboff 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).